Filed 12/17/21 P. v. Garcia CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sutter)

----

| | |
|---|---|
| THE PEOPLE, | C093120 |
| Plaintiff and Respondent, | (Super. Ct. No. 44791B) |
| v. | |
| DAVID RICHARD GARCIA, | |
| Defendant and Appellant. | |

In 1990, defendant David Richard Garcia pleaded guilty to a murder he participated in when he was 21 years old and was sentenced to 25-years-to-life.  In 2020, defendant petitioned the trial court to hold a hearing under *People v. Franklin* (2016) 63 Cal.4th 261 (*Franklin*) and Penal Code section 1203.1[1] to allow him to make a record of mitigating evidence tied to youth; the trial court denied defendant's request.

---

[1]  Undesignated statutory references are to the Penal Code.

1

Defendant appeals this denial, arguing he is entitled to such a hearing to prepare for a future youthful offender parole hearing. We affirm because defendant has already had a youthful offender parole hearing, so any *Franklin* proceeding is unlikely to produce fruitful evidence.

BACKGROUND

On March 21, 1990, when defendant was 21 years old, defendant and two others entered a home, tied up the two residents, took property from the house and the residents, and then one of the residents was beat to death with a baseball bat. Defendant pleaded guilty to first degree murder. He was sentenced on August 31, 1990, to an indeterminate term of 25-years-to-life.

Defendant has had several parole hearings since he was first incarcerated. The most recent hearing occurred on June 25, 2019. Prior to this hearing, defendant had submitted commendations from prison staff and support letters from other individuals. At the hearing, where defendant was represented by counsel, the parole board found defendant posed an unreasonable risk to public safety and was not suitable for parole at that time. The board noted it reviewed the evidence and documents received, defendant's testimony, the factors under section 3051, subdivision (a), and took "into consideration [defendant is] a youthful offender." For the latter consideration, this included "displaying immature thinking," being "impulsive," and "very vulnerable to negative influences," so there "were definitely indications of the hallmark features of youth." The board noted defendant has made improvement, has a "lot of . . . support letters," and a lack of serious rule violations over the past eight years, but it found these circumstances are "outweigh[ed] by other circumstances tending to show unsuitability" for release, such as the viciousness of the crime and his continued involvement in gang related violence. The board then assessed a five-year denial length.

2

Defendant petitioned for a writ of habeas corpus challenging the parole board's denial of parole. On January 22, 2020, the trial court denied defendant's petition.

On October 1, 2020, defendant filed a motion for a proceeding under *Franklin* and section 1203.01. He asserted that he is entitled to a youthful offender parole hearing where the board must consider "the hallmark features of youth." The trial court denied the motion on the same day finding, inter alia, that the parole board took "into consideration the fact that [defendant] was a youthful offender."

## DISCUSSION

Defendant contends the trial court erred in not granting his request for a *Franklin* proceeding because he has not had a meaningful opportunity to present evidence related to his youth. We disagree.

"A person who was convicted of a controlling offense that was committed when the person was 25 years of age or younger and for which the sentence is a life term of 25 years to life shall be eligible for release on parole at a youth offender parole hearing during the person's 25th year of incarceration." (§ 3051, subd. (a)(3).) At the youth offender parole hearing, the Board of Parole Hearings "shall give great weight to the diminished culpability of youth as compared to adults, the hallmark features of youth, and any subsequent growth and increased maturity of the prisoner in accordance with relevant case law." (§ 4801, subd. (c); § 3051, subd. (f)(1).) Individuals with knowledge about the defendant "before the crime or the individual's growth and maturity since the time of the crime may submit statements for review by the board." (§ 3051, subd. (f)(2).)

In *Franklin*, a 16-year-old defendant shot and killed another teenager; he was convicted of murder with a firearm enhancement and received the statutorily mandated sentence of life in prison with the possibility of parole in 50 years. (*Franklin, supra*, 63 Cal.4th at p. 268.) Our Supreme Court found Senate Bill No. 260 (2013-2014 Reg. Sess.), which created the youth offender parole eligibility provisions, granted Franklin a

3

parole hearing during his 25th year in prison, which mooted his Eighth Amendment challenge to his sentence. (*Franklin*, at pp. 276-277.) But the *Franklin* court remanded "the matter to the trial court for a determination of whether Franklin was afforded sufficient opportunity to make a record of information relevant to his eventual youth offender parole hearing." (*Id.* at p. 284.)

The Supreme Court later clarified the proper avenue to seek a *Franklin* proceeding is through section 1203.01 rather than by way of a habeas corpus petition. (*In re Cook* (2019) 7 Cal.5th 439, 446-447 (*Cook*).) The court explained: "consistent with *Franklin* and the court's inherent authority, the offender shall have the opportunity to 'place on the record any documents, evaluations, or testimony (subject to cross-examination) that may be relevant at his eventual youth offender parole hearing, and the prosecution likewise may put on the record any evidence that demonstrates the juvenile offender's culpability or cognitive maturity, or otherwise bears on the influence of youth-related factors.' [Citation.] [¶] Although *Franklin* mandates an opportunity for evidence preservation, the trial court may 'exercise its discretion to conduct this process efficiently'. . . . The court may consider whether a *Franklin* proceeding is likely to produce fruitful evidence considering such factors as the passage of time and whether the offender has already benefitted from the factfinding procedures set forth in section 3051, subdivision (f)(1) and (2) with the assistance of appointed counsel (§ 3041.7; Cal. Code Regs., tit. 15, § 2256, subd. (c))." (*Cook, supra*, 7 Cal.5th at pp. 458-459.)

*Cook* confirmed the manner and extent of a *Franklin* hearing is left to the discretion of trial courts. (*Cook, supra*, 7 Cal.5th at p. 459.) Trial courts "may" also consider whether a *Franklin* proceeding is unnecessary because it will not produce "fruitful evidence." (*Cook*, at p. 459) "Accordingly, we ask whether the trial court's findings of fact are supported by substantial evidence, whether its rulings of law are correct, and whether its application of the law to the facts was neither arbitrary nor capricious." (*People v. Superior Court (Humberto S.)* (2008) 43 Cal.4th 737, 746.)

4

A *Franklin* hearing is very unlikely to produce fruitful evidence here. Defendant has already had at least one youthful offender parole hearing, the one in June 2019. Before this hearing the board was required to accept evidence relevant to defendant's youthful factors, and defendant did provide letters of support and commendations; the board noted it reviewed these letters. Defendant was also represented by counsel at this parole hearing. Defendant does not establish what additional evidence he would or could provide that he did not have the opportunity to produce at this youthful offender parole hearing.

Another panel of this court reviewed a case substantially similar to defendant's in *People v. Woods* (2018) 19 Cal.App.5th 1080. There, the defendant had been convicted of a crime he committed at 19 years old and was sentenced to 40-years-to-life. (*Id*. at pp. 1082, 1086.) On appeal, the defendant argued he was entitled to a remand to place evidence on the record necessary for his eventual youth offender parole hearing. (*Id*. at p. 1086.) We disagreed because, though no evidence or discussion was submitted on the relevant youthful factors, "on the record here there is no reason to believe that defense counsel did not have every reasonable opportunity and incentive to make an adequate record for defendant's eventual youth offender parole hearing." (*Id*. at p. 1089.) The trial court had given numerous invitations to add any information to the record and counsel had stated there was nothing to add. We therefore concluded "there is no basis for a *Franklin* remand here." (*Ibid*.)

Like the defendant in *Woods*, defendant here had ample opportunity to supplement the record before the parole hearing. But unlike in *Woods*, defendant has already had a youthful offender parole hearing and his youthful status was considered in the decision to deny parole. This severely undermines any potential utility there could be for remanding to further develop the record. The trial court therefore did not abuse its discretion in denying defendant's petition because defendant "was afforded sufficient opportunity to

make a record of information relevant to [defendant's] eventual youth offender parole hearing." (*Franklin, supra*, 63 Cal.4th at p. 284.)

DISPOSITION

The judgment is affirmed.



                                                      _____

                                                       HULL, Acting P. J.


We concur:


_____

ROBIE, J.


_____

KRAUSE, J.

6